ANTONIO VICÉNS RÍOS, Plaintiff, and Appellee, v. MARGARITA VICÉNS RÍOS, née MARGARITA OLIVER CUVELJÉ, Defendant and Appellant.

No. 6849. Argued December 4, 1936.—Decided July 31, 1937.

*Alberto S. Poventud* for appellant. *M. Marcos Morales* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Antonio Vicéns Ríos filed suit for divorce from his wife, Margarita Oliver Cuveljé, on September 5, 1933. As separate grounds for his action, he alleged disertion and cruelty. After a motion to strike had been presented by the defendant and overruled, she filed a general denial and a cross-complaint wherein she, on her own behalf, charged her husband with desertion and cruelty. The District Court of Ponce rendered judgment for the plaintiff on both grounds and awarded him the patria potestas over the two minor children who had been engendered during the union.

The appellant assigns seven errors, six of which turned directly upon the weighing of the evidence. Only the first involves a question of law, to wit, the correctness of the trial court's overruling of the motion to strike.

██ The court refused to strike certain phrases from the plaintiff's complaint alleged to be either conclusions of law or redundant matter. We have examined the words objected to and in most, if not all, the instances, they were permissible as a general allegation where more specific facts related thereto had been previously alleged. We are inclined to agree with the appellant that a conclusion of law, even though derived from sufficient facts to support it and which are stated in the complaint, is always subject to a motion to strike if opportunely introduced. We hold that phrases such as "willfully and without just cause" (*voluntaria y sin causa justificada*) with regard to the nature of a defendant's desertion, and "in a cruel and inhuman manner" (*de una manera*

*cruel e inhumana*), "an extremely severe behavior" (*una con-ducta de extrema severidad*), "in a vile manner and with of-fensive language" (*en una forma áspera y con frases ofen-sivas*), etc., with regard to defendant's cruelty, are not merely conclusions of law, but may be considered to express, when taken together with other specifically alleged instances of cruelty, ultimate facts. We find no error, and if any there was it was harmless.

■■ The second and fifth errors attack the court's find-ing for plaintiff on the question of desertion and, conse-quently, in deciding against appellant when she similarly was asking for a divorse for desertion. The transcript of evidence consists of more than 600 pages, and we have found nothing therein which would lead us to believe that the trial court incurred in manifest error when it weighed the evi-dence, nor that it was prejudiced, partial or under the effect of bias when it rendered its decision. This is particularly true with respect to the desertion.

It is an unchallenged fact that the defendant left the house of her husband and never returned, although there was evi-dence on her part tending to show that the husband asked her to leave the house. This evidence of the defendant was not believe by the court below and we find no reason to doubt that the finding of the court was accurate. Unquestionably, the husband did say to his wife that she could leave if she wanted to, but he did not take the position of ordering her to leave.

We agree with the appellant that when the conduct of the spouse who charges desertion is such that the person who leaves could no longer bear the treatment that he or she was receiving, then either the plaintiff must fail or else, when the defendant files a cross-complaint, the latter in some cases may obtain the divorce on the same ground.

The evidence presents the case of a man who married a woman of some means; that she voluntarily set him up in business with her own brother; that the business failed; that

the husband was engaged subsequently in several important establishments in the city of Ponce, occupying prominent positions, both commercially and socially; that he has always been a hard and steady worker and as a result of his industry and also in part as a result of his wife's money, he was able to maintain a high standard of living for his wife and children during twelve or fifteen years; that his wife frequently and publicly insulted him by accusing him of being a thief (*pillo*), especially during the year 1931, because some of the money that she provided was lost in business, although some of it was spent by him for their mutual benefit; that she was and still is a person of delicate health and highly excitable; that he repeatedly tried to live in harmony with her; that she left him and the children in November, 1931, and that he has attempted unsucessfully to get her to return. Furthermore, the evidence reveals that up to a short time before his wife left him, Mr. Vicéns Ríos appears to have been kind and considerate, and his letters to her, while she was away during the early part of 1931, and which were introduced in evidence by herself, are couched in terms which denote sincerity.

On the other hand, we do not find the evidence presented by the defendant at all strong. The conflict in the evidence with regard to the incident that led supposedly to the wife's abandonment of the plaintiff's house is a good example of the type of conflicts that arose on several occasions during the trial, and were decided in favor of the plaintiff by the court. The plaintiff's version is that one day at dinner there was a guest, a Mrs. Brenes, (whose testimony did not merit the credit of the lower court) and that his wife began to complain about the service, of the loss of her money by him, and that she was getting tired of it all incidentally calling him the usual names such as thief, etc.; that she could not go on living with him and that she felt like leaving the house. He admits that as a result of her remarks he became indignant and told her that she could leave whenever she pleased. He

says that it was not until sometime later that she left the home. Her version is that she had quarreled with one of the servants and the servant had answered her in an impertinent manner; that at dinner she had complained to her husband about it and that he had answered that she, his wife, should get out of the house, that he was getting tired of telling her to get out. The lower court believed his story. We find that the lower court committed no error in deciding for the plaintiff on the ground of desertion.

The court had a right to believe that the wife and not the husband was to blame. We are likewise, although not quite so strongly, of the opinion that the court was justified in finding for the husband by reason of the alleged cruel treatment by the wife. The doubt is that a man would frequently tolerate some of the conduct described in the record and not charge cruelty. In point of fact, the husband had condoned a great number of acts of the same kind before. His wife was in very frail health. The evidence, however, did tend to show that the defendant not only frequently called her husband bad names, but that she did so in front of other people; that she did so to the associates in business of the plaintiff; that she charged him with having appropriated her money, along with the other facts that we have previously outlined.

The judgment should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.